UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN K. BUCHANAN, <br><br> Plaintiff, <br><br> vs. <br><br> C. PFEIFFER, et al., <br><br> Defendants. | 1:18-cv-01368-LJO-GSA-PC <br><br> **FINDINGS AND RECOMMENDATIONS TO DISMISS CASE, WITHOUT PREJUDICE, BASED ON PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER** <br> **(ECF No. 7.)** <br><br> **OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

On October 4, 2018, the court issued an order requiring Plaintiff to submit a new completed application to proceed *in forma pauperis,* or pay the $400.00 filing fee for this action, within thirty days. (ECF No. 7.) The order was served on Plaintiff at his address of record at Kern Valley State Prison in Delano, California. (Court Record.) On October 12, 2018, Plaintiff filed a notice of change of address to the California Substance Abuse Treatment Facility in Corcoran, California. (ECF No. 8.) On November 27, 2018, the court re-served the October 4, 2018, order on Plaintiff at his new address in Corcoran. (Court Record.) Due to re-service of the order, Plaintiff was granted thirty days from the date of re-service to comply with the order.

On December 17, 2018, Plaintiff filed a notice of change of address to the R. J. Donovan Correctional Facility in San Diego, California. (ECF No. 12.) On January 28, 2019, the court re-served the October 4, 2018, order on Plaintiff at his new address in San Diego.

1

(Court Record.) Due to re-service of the order, Plaintiff was granted thirty days from the date of re-service to comply with the order.

The most recent thirty-day deadline has now expired and Plaintiff has not filed an application to proceed *in forma pauperis*, paid the filing fee, or otherwise responded to the court's order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since September 14, 2018. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by resolving the payment of the filing fee for his lawsuit. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to respond to the court's order that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Plaintiff has not paid the filing fee for this action making it likely that he is indigent and monetary sanctions are of little use, and given the early stage of these proceedings the preclusion of evidence or witnesses is

not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed without prejudice, based on Plaintiff's failure to obey the court's order of October 4, 2018.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 18, 2019**           /s/ Gary S. Austin
                              UNITED STATES MAGISTRATE JUDGE